**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WENZHEN GAO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITIBANK N.A.; THE GOLDMAN ) | |
| SACHS GROUP, INC.; CAPITAL ONE ) | Case No. 1:25-cv-03075-JPC |
| FINANCIAL CORP.; TRANS UNION ) | |
| LLC; EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.; and EQUIFAX ) | |
| INFORMATION SERVICES LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## STIPULATED PROTECTIVE ORDER

Lauren H. Kim
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3434
Fax: (212) 326-3939
Email: lkim@jonesday.com


*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

IT IS HEREBY STIPULATED by and between Plaintiff Wenzhen Gao ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian"), CitiBank N.A., The Goldman Sachs Group, Inc. (together, "Defendants," collectively, with Plaintiff, "the Parties") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendant[s], and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.    Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate the following documents and information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential" or "Confidential – Attorneys' Eyes Only" provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it: Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data; Sensitive

Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records; Medical and Legal Records, including medical files and reports; Non-public criminal history.

3.      If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

5.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including any of the Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6.      Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice,

2

any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(a) the Court and its officers;

(b) parties to this litigation;

(c)     counsel for the Parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation;

(d)     fact witnesses subject to a proffer to the Court or a stipulation of the Parties that such witnesses need to know such information;

(e)     present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and

(f)     experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.     Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only"

hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(a)    a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A);

(c)    the Court and its personnel;

(d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and

(e)    the author of the document or the original source of the information.

8.    All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9.    Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

10.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential— Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or destroyed.

12.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.  During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential— Attorneys' Eyes Only" subject to the provisions of this Protective Order.

13.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

14.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: April 27, 2026          Respectfully submitted,

*/s/ Lauren H. Kim*

Lauren H. Kim
Jones Day
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3434
Fax: (212) 326-3939
Email: lkim@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

Dated: April 27, 2026          Respectfully submitted,

*/s/ Serge F. Petroff*

Serge F. Petroff
Petroff Amshen LLP
1795 Coney Island Avenue Suite 3
Brooklyn, NY 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

*Attorneys for Plaintiff*
*Wenzhen Gao*

Dated: April 27, 2026          Subject to Citibank's reservation of its right to arbitrate Plaintiff's claims:

Respectfully submitted,

*/s/ Aleksandr Altshuler*

Aleksandr Altshuler
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (917) 853-8945
Email: altshulera@ballardspahr.com

*Attorneys for Defendant*
*Citibank N.A.*

6

Dated:        April 27, 2026                    Respectfully submitted,

                                                */s/ Lauren McCabe*
                                                Lauren McCabe
                                                Morgan Lewis & Bockius LLP
                                                101 Park Avenue
                                                New York, NY 10178
                                                Telephone: (212) 309-6172
                                                Email: lauren.mccabe@morganlewis.com

                                                *Attorneys for Defendant*
                                                *The Goldman Sachs Group, Inc.*

With respect to redactions and sealed filings, the parties must also comply with Rule 4 of the undersigned's Individual Rules and Practices for Civil Cases.

**IT IS SO ORDERED.**

Dated:        April 28    ,  2026              /s/ _____
                                                UNITED STATES DISTRICT JUDGE

7